UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-21912-GAYLES

RENZO BARBERI,

    Plaintiff,

vs.

ABC NW LUMBER & HARDWARE CORPORATION, a Florida Profit Corporation and FRANK DE LA OLIVA, an Individual,

    Defendants.
_____/

**DEFENDANT ABC NW LUMBER & HARDWARE
CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant ABC NW LUMBER & HARDWARE CORPORATION (hereinafter "ABC NW LUMBER"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff RENZO BARBERI's Complaint and in support states as follows:

1. Based on the allegations in the Complaint, this Court would have subject matter jurisdiction over this matter; but, Defendant ABC NW LUMBER denies any suggestion, implication, or allegation that it has violated the Americans with Disabilities Act (hereinafter "ADA"), the ADA's Accessibility Guidelines (hereinafter "ADAAG"), Chapter 5 of the 2010 ADA Standards for Accessible Design ("2010 ADA Standards") or any other law.

2. Defendant ABC NW LUMBER lacks knowledge or information to form a belief about the information contained in Paragraph 2 of the Plaintiff's Complaint and therefore denies the same, demanding strict proof thereof. Defendant ABC NW LUMBER denies any

1

suggestion, implication, or allegation that is has violated the ADA, ADAAG, 2010 ADA Standards, or any other law.

3. Defendant ABC NW LUMBER lacks knowledge or information regarding the information contained in Paragraph 3 of the Plaintiff's Complaint with respect to the Plaintiff's residency and disability; therefore, Defendant ABC NW LUMBER denies the same, demanding strict proof thereof. Defendant denies all remaining allegations contained in Paragraph 3 of the Complaint and demands strict proof thereof. More specifically, Defendant ABC NW LUMBER denies any suggestion, implication, or allegation that it has violated the ADA, ADAAG, 2010 ADA Standards, or any other law.

4. Defendant ABC NW LUMBER lacks knowledge or information regarding the information contained in Paragraph 4 of the Plaintiff's Complaint and therefore denies the same, demanding strict proof thereof.

5. Defendant ABC NW LUMBER admits that it is a Florida corporation authorized to transact business in the State of Florida and that it is the lessee of a portion of the subject facility. However, Defendant ABC NW LUMBER denies all remaining allegations contained in Paragraph 5 of the Complaint and demands strict proof thereof. More specifically, Defendant ABC NW LUMBER denies any suggestion, implication, or allegation that it has violated the ADA, ADAAG, 2010 ADA Standards, or any other law.

6. Defendant ABC NW LUMBER states that Paragraph 6 of the Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant ABC NW LUMBER denies the allegations contained in Paragraph 6 of the Plaintiff's Complaint and demands strict proof thereof.

7. Defendant ABC NW LUMBER states that Paragraph 7 of the Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant ABC NW LUMBER denies the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8. Defendant ABC NW LUMBER states that Paragraph 8, including subsections (i), (ii), (iii), (iv), and (v), of the Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant ABC NW LUMBER denies the allegations contained in Paragraph 8, including subsections (i), (ii), (iii), (iv), and (v), of the Plaintiff's Complaint.

9. Defendant ABC NW LUMBER states that Paragraph 9, including subsections (i), (ii), and (iii), of the Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant ABC NW LUMBER denies the allegations contained in Paragraph 9, including subsections (i), (ii), and (iii), of the Plaintiff's Complaint.

10. Defendant ABC NW LUMBER states that Paragraph 10 of the Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant ABC NW LUMBER denies the allegations contained in Paragraph 10 of the Plaintiff's Complaint and demands strict proof thereof. Defendant ABC NW LUMBER denies any suggestion, implication, or allegation that it has violated the ADA, ADAAG, 2010 ADA Standards, or any other law.

11. Defendant ABC NW LUMBER denies all allegations contained within paragraph 11 of the Plaintiff's Complaint, demanding strict proof thereof.

12. Defendant ABC NW LUMBER denies all allegations contained within paragraph 12 of the Plaintiff's Complaint, demanding strict proof thereof.

13. Defendant ABC NW LUMBER denies all allegations contained within paragraph 13 of the Plaintiff's Complaint, demanding strict proof thereof.

14. Defendant ABC NW LUMBER states that Paragraph 14 of the Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant ABC NW LUMBER denies the allegations contained in Paragraph 14 of the Plaintiff's Complaint and demands strict proof thereof. Defendant ABC NW LUMBER denies any suggestion, implication, or allegation that it has violated the ADA, ADAAG, 2010 ADA Standards, or any other law.

15. Defendant ABC NW LUMBER denies all allegations contained within paragraph 15, including subsections 1 through 14 of the Plaintiff's Complaint, demanding strict proof thereof.

16. Defendant ABC NW LUMBER denies all allegations contained within paragraph 16 of the Plaintiff's Complaint, demanding strict proof thereof. Further, Defendant ABC NW LUMBER denies that Plaintiff requires an on-site inspection of the subject facility.

17. Defendant ABC NW LUMBER denies all allegations contained within paragraph 17 of the Plaintiff's Complaint, demanding strict proof thereof.

18. Defendant ABC NW LUMBER denies all allegations contained within paragraph 18 of the Plaintiff's Complaint, demanding strict proof thereof.

19. Defendant ABC NW LUMBER denies all allegations contained within paragraph 19 of the Plaintiff's Complaint, demanding strict proof thereof.

20. Defendant ABC NW LUMBER states that Paragraph 20 of the Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant ABC NW LUMBER denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint. Defendant further denies that injunctive relief will serve the public interest.

In response to the unnumbered **REQUEST FOR RELIEF** paragraph of the Plaintiff's Complaint following Paragraph 20, Defendant ABC NW LUMBER denies that it is liable for the relief the Plaintiff seeks and that Plaintiff is entitled to any relief. Further, Defendant ABC NW LUMBER expressly denies that the injunctive and declaratory relief sought by Plaintiff will serve the public interest.

21. Defendant ABC NW LUMBER denies that Plaintiff is entitled to any of the relief sought in Paragraphs 21, 22, 23, 24, and 25 of the Complaint. Further, Defendant ABC NW LUMBER denies any suggestion, implication, or allegation that it has violated the ADA, ADAAG, 2010 ADA Standards, or any other law.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**: Each defense or affirmative defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses or affirmative defenses.

**Second Affirmative Defense**: The Complaint fails to state a cause of action for relief in that the allegations of non-compliance are vague and non-specific. Plaintiff fails to plead facts sufficient to constitute a cause of action and/or claim for which relief can be granted.

**Third Affirmative Defense**: Plaintiff lacks standing to bring these claims against Defendant ABC NW LUMBER, including Plaintiff's failure to sufficiently allege any past or prospective injury in fact, with respect to the alleged property. To the extent that RENZO BARBERI has standing to bring his Complaint, which the Defendant denies, Plaintiff lacks standing to challenge any alleged barriers not specifically identified and set forth therein or any alleged barrier that he did not actually encounter. Plaintiff further lacks standing to challenge any alleged barrier not specifically identified in his Complaint for which he fails to explain how the barrier detrimentally affected and/or impaired his ability to access the subject facility.

**Fourth Affirmative Defense**: To the extent that Defendant ABC NW LUMBER remedies, or has remedied, any of the alleged ADA, ADAAG, and/or 2010 ADA Standards violations pled in the Complaint, such alleged violations are, and/or will be, rendered moot and subject to dismissal by the Court.

**Fifth Affirmative Defense**: Plaintiff has failed to specify or demonstrate actual harm allegedly suffered by Plaintiff as a result of the Defendant's alleged violations.

**Sixth Affirmative Defense**: Plaintiff has demanded modifications that are not readily achievable, not required, technically infeasible, and/or would result in a significant loss of operating space.

**Seventh Affirmative Defense**: The requested accommodations or removal of barriers may cause an undue economic hardship on Defendant ABC NW LUMBER, in consideration of the costs thereof and the finances and resources available, and/or would risk destruction of the economic viability of the Defendant's business.

**Eighth Affirmative Defense**: The requested accommodations or removal of barriers may fundamentally alter the way that Defendant ABC NW LUMBER provides goods and services to the public, and/or would create a direct threat to the health and safety of Plaintiff and others. Further, the requested accommodations and removal of barriers may violate the health and safety laws applicable to the subject facility.

**Ninth Affirmative Defense**: Plaintiff's claims are barred by the doctrines of estoppel and/or waiver as Plaintiff has failed to provide good faith notice to the Defendant and/or any opportunity for said Defendant to respond regarding any alleged barrier(s) of access to goods and services prior to filing his Complaint.  Further, Plaintiff failed to take reasonable measures to learn of or use the accessible features at the subject facility.  Plaintiff failed to request any adaptations, modifications, alternative services, aids, assistance, or changes to any part of the property at issue in this lawsuit prior to filing this lawsuit.

**Tenth Affirmative Defense**: Plaintiff seeks equitable relief, but has acted inequitably in that he has precipitously filed suit without providing prior notice so as to permit voluntary removal of any alleged barrier or the providing of alternative facilitation to the property, resulting in prejudice to the Defendant, which is contrary to the spirit of the ADA.

**Eleventh Affirmative Defense**: Plaintiff's attorneys' fees, expenses and costs are not reasonable and necessary, particularly in light of the Plaintiff's failure to provide any notice of his claims to the Defendant prior to filing suit, and the Defendant's willingness to immediately conduct an inspection of the subject facility.  Plaintiff should consider all reasonable settlement options prior to engaging in discovery or other extensive litigation in this lawsuit.

**Twelfth Affirmative Defense**: Some areas of the property complained of by Plaintiff may have been constructed prior to January 26, 1992, and have not been "altered" as that term is defined in Title III of the ADA. 42 U.S.C. §§ 12182(b)(2)(a)(iv), 12183(a).

**Thirteenth Affirmative Defense**: Plaintiff's claims are barred because, with respect to any particular alleged architectural elements of the subject property that departs from the accessibility guidelines, Defendant ABC NW LUMBER has provided "equivalent facilitation" in the form of alternative designs and/or technologies that offer substantially equivalent or greater access to and usability of said facility.

## RESERVATION OF RIGHTS

Defendant ABC NW LUMBER hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery, and thus, Defendant ABC NW LUMBER reserves the right to amend its Answers and serve such defenses and otherwise supplement the foregoing Affirmative Defenses.

**WHEREFORE,** Defendant ABC NW LUMBER denies liability to the Plaintiff and requests that the Court enter judgment in its favor.  Defendant ABC NW LUMBER further

requests that this Honorable Court enter an award of reasonable attorneys' fees and costs against the Plaintiff together with such other and further relief as this Court deems just and proper.

Dated: July 28, 2017

                                        Respectfully submitted,

                                        **RECALDE LAW FIRM, P.A.**
                                        *Attorneys for Defendant, ABC NW Lumber*
                                        *& Hardware Corporation*
                                        10800 Biscayne Blvd, Suite 988
                                        Miami, FL 33161
                                        Ph: 305-792-9100
                                        Fax: 305-517-1407
                                        By: _/s/ Mike Ortiz_
                                        Mike Ortiz, Esq.
                                        FBN: 116234
                                        Primary Email: mike@recaldelaw.com
                                        Secondary Email: mercedes@recaldelaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on July 28, 2017, by Recalde Law Firm, P.A. via CM/ECF to:

**The Advocacy Law Firm, P.A.**, *Attorneys for Plaintiff, Renzo Barberi,* c/o Ronald Stern, ronsternlaw@gmail.com.

   /s/ Mike Ortiz
Mike Ortiz, Esq.
FBN: 116234